UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSE M. VILLARREAL,

        Plaintiff,

vs.                                                               CV-2008-02 JCH/CEG

IVAN ZARATE and GUSTAV CARRILLO,
in their capacity as law enforcement officers
for the Sunland Park Police Department;
SUNLAND PARK POLICE DEPARTMENT,
and CITY OF SUNLAND PARK and their
governing bodies; SUNLAND PARK RACE
TRACK AND CASINO, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS
SUNLAND PARK POLICE DEPARTMENT'S
and CITY OF SUNLAND PARK'S MOTION TO DISMISS [8]**

        Defendants Sunland Park Police Department and the City of Sunland Park have moved to dismiss the claims plaintiff Jose M. Villarreal brought against them.  Plaintiff has filed his opposition to the defendants' motion in his Response and Memorandum to Defendants Sunland Park Police Department's and the City of Sunland Park's Motion to Dismiss [16], to which the defendants have replied [17].   The court determines that the defendants' motion to dismiss is well taken and will be granted.

        In reviewing a motion to dismiss under F.R.C.P. 12(b)(6) the court must accept as true all well-pleaded allegations contained in the complaint, and the court must construe them in the light most favorable to the non-moving party.

        In their Memorandum in Support of Motion to Dismiss [9] defendants argue the plaintiff has failed to state a claim against the under 42 U.S.C. § 1983 because the plaintiff has alleged

no facts that support a claim of municipal liability against either the City or the police department. It is well settled that in order to make a claim against a municipality a plaintiff must identify a municipal policy or custom which caused the plaintiff's injury. ***Board of County Commissioners v. Brown,*** 520 U.S. 397 (1997). Respondeat Superior liability is not available under § 1983. ***Seamons v. Snow,*** 206 F.3d 1021 (10th Cir. 2000).

From a review of both the original and amended complaints it is clear that the plaintiff makes no allegation of any municipal policy or custom which caused any injury to the plaintiff. Additionally, in his response to the motion to dismiss, plaintiff appears to rely on the doctrine of Respondeat Superior, and does not argue any municipal policy or custom at all. Thus the defendants' motion to dismiss is well-taken and the claims against them in Count I and Count IV will be dismissed. However the court will give plaintiff leave to amend his complaint to properly plead his § 1983 claim and he must do so within ten days of the entry of this Order.

While the defendants' motion to dismiss appears to request that all claims brought against it be dismissed, the memorandum in support of the motion addresses only the claims brought under 42 U.S.C. § 1983, and does not address the state torts. It appears that the only other claim brought against these defendants is Count III, Intentional Infliction of Emotional Distress. Count II does not appear to be applicable to these defendants. The court notes that the New Mexico Tort Claims Act specifies the torts for which the State of New Mexico has waived its sovereign immunity, and intentional infliction of emotional distress is not one of the enumerated waived torts. See Section 41-4-4 NMSA 1978. Therefore these defendants cannot be held liable for the claims found in Count III and that count will be dismissed.

IT IS THEREFORE ORDERED that Defendants Sunland Park Police Department and City of Sunland Park's Motion to Dismiss Counts I and IV are **DISMISSED**, with leave to

refile those claims within ten days from the entry of this order; and Count III is **DISMISSED.**

_____
United States District Court Judge