## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE VILLAREAL,

        **Plaintiff,**

vs.                                          **Civ. No.  08-002 JH/CEG**

IVAN ZARATE, et al.,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three pending motions in limine: (1) *Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's First Motion in Limine* [Doc. No. 84],filed February 23, 2009; (2) *Plaintiff's Motion in Limine* [Doc. No. 88], filed February 24, 2009; and (3) *Defendants' Motion in Limine* [Doc. No. 89], filed February 24, 2009 by the Sunland Park Police Department, the City of Sunland Park, Ivan Zarate and Gustav Carillo.

## DISCUSSION

**I.**    ***Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's First Motion in Limine* [Doc. No. 84]**

This motion in limine has four parts, each addressing a different type of evidence.  Plaintiff did not respond to the motion; co-defendants Sunland Park Police Department, the City of Sunland Park, Ivan Zarate and Gustav Carillo (collectively, "the City Defendants") did respond, but they oppose only the first of the four portions of the motion.

### A.    Lay Opinion Testimony Regarding Plaintiff's "Physical Condition"

Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino ("the Casino") moves to exclude any testimony by a lay witness regarding "the cause of Plaintiff's physical

conditions." The Casino does not specify the physical conditions to which it refers.   In their response, the City Defendants treat the motion as one moving for exclusion of lay witness testimony regarding Plaintiff's intoxication on the night of the incident. They contend that in light of their experience and personal knowledge of events on the night in question, the Defendant officers are qualified to state a lay opinion regarding Plaintiff's level of sobriety. Both parties cite New Mexico state court decisions in support of their positions.   However, it is federal evidence law, and the Federal Rules of Evidence, that control in this case.

The Tenth Circuit has allowed police officers, as lay witnesses, to opine as to a person's level of intoxication.  For example, in *United States v. Denny*, the Tenth Circuit found that the district court did not err in allowing a police officer to testify as to intoxication.  The court stated:

> Officer Bennett's testimony does not constitute the kind of expert opinion barred by Fed. R. Evid. 704(b).  His statement that Ms. Denny was "extremely intoxicated" was based not on any specialized training but rather on observations that could have been made by a lay witness (i.e, her manner of speaking and walking and the smell of her breath). Such testimony is allowed by Fed. R. Evid. 701, which provides:
>> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

48 Fed. Appx. 732, 737, 2002 WL 31323395 , *5, (10th Cir., Oct. 16, 2002) (unpublished).  *See also United States v. Barbee*, 968 F.2d 1026, 1032 (10th Cir. 1992) (holding that DEA agent could testify that defendant was not on any type of drug when arrested, and testimony was not expert opinion; agent's experience with drug users qualified him to testify whether defendant appeared to be on drugs on specific evening that agent personally observed him).

Accordingly, if the City Defendants can lay the proper foundation, the officers' opinion

testimony will be admitted.

### B.    Evidence of Other Arrests

The Casino moves to exclude evidence of other arrests that have occurred on the Casino's premises on the grounds that such evidence is irrelevant to the question of whether Officers Zarate and Carillo wrongfully arrested Plaintiff or used excessive force against him, or if the Casino was negligent, and that even if it were relevant, it is more unfairly prejudicial than probative.  No party has responded to the motion.  The Court concludes that the motion should be granted.

### C.    Evidence that Sunland Park Police Department No Longer Provides Security Services at the Casino

The Casino argues that the fact that in 2008 the Sunland Park Police Department ceased providing security services at the casino is irrelevant to Plaintiff's claims.  Plaintiff does not respond.  This portion of the motion will be granted.

### D.    Evidence of Whether There Was An Investigation Into the Events Surrounding Plaintiff's Arrest.

The Casino contends that evidence that it did not conduct a post-incident investigation after Plaintiff's arrest is irrelevant to Plaintiff's claims for wrongful arrest, excessive force, and negligence.  Plaintiff has not responded to the motion, and it is not clear to the Court how this evidence is relevant.  This portion of the motion will be granted.

## II.    *Plaintiff's Motion in Limine* [Doc. No. 88]

Plaintiff moves to exclude three types of evidence.

### A.    Evidence "Related to" Matthew Montoya

First, Plaintiff moves to exclude "any testimony related to Matthew Montoya, the Defendant Casino's bartender on the night of the incident . . . unless the testimony is coming directly from him at trial."  From this vague description, the Court is unsure precisely what evidence Plaintiff wishes

to exclude.  For example, does he wish the Court to exclude any testimony that Matthew Montoya was present at the Casino that night, as such testimony is "related to" Matthew Montoya?  Although none of the Defendants have responded to this motion, and therefore it is unopposed, the Court is unable to determine the relief requested, and therefore this portion of the motion will be denied.

**B.     Testimony "As to the Basis" That Plaintiff Was Ordered to Leave the Casino**

Second, Plaintiff moves to exclude the Defendants' witnesses from testifying "as to the basis that Plaintiff Villareal was ordered to leave the Casino premises," citing the hearsay rule.  Frankly, the Court cannot understand what Plaintiff means by this request.  Again, based on this description, the Court is unable to determine what evidence Plaintiff seeks to exclude.  Therefore, even though the motion is unopposed, it will be denied.

**C.     Plaintiff's Physical Condition**

Plaintiff moves to prohibit Defendants' witnesses from testifying regarding Plaintiff's physical condition on the night of the incident, particularly whether he was intoxicated.  It appears that Plaintiff opposes the admission of this evidence on relevance grounds, and on the grounds that it is more unfairly prejudicial than probative.  Again, Defendants have not responded to the motion, but they both addressed this issue with regard to the Casino's motion in limine, *supra*.  As stated above, Defendants may offer lay opinion testimony as to intoxication if they are able to lay a proper foundation.

**III.     *The City Defendants' Motion in Limine* [Doc. No. 89]**

The City Defendants move the Court to prohibit Plaintiff from offering large numbers of photographs of his facial injuries resulting from the incident, and they request that the Court allow no more than two such photographs into evidence at trial.  Without more information regarding the photographs and the purpose for which they will be offered, as well as the number of photographs

4

that Plaintiff intends to offer, the Court cannot grant the motion at this time.  However, the City

Defendants are free to raise this issue at trial, and Plaintiff should be aware that the Court will not

admit cumulative and repetitious evidence of any type, including photographs of Plaintiff's injuries.

**IT IS THEREFORE ORDERED** that:

(1)     *Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's First Motion
in Limine* [Doc. No. 84],filed February 23, 2009 is **GRANTED IN PART** and **DENIED IN
PART**;

(2)     *Plaintiff's Motion in Limine* [Doc. No. 88], filed February 24, 2009 is **DENIED**; and

(3)     *Defendants' Motion in Limine* [Doc. No. 89], filed February 24, 2009 by the Sunland Park
Police Department, the City of Sunland Park, Ivan Zarate and Gustav Carillo is **DENIED**.


_____
**UNITED STATES DISTRICT JUDGE**

5