IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE VILLAREAL,

        Plaintiff,

vs.                                                                                                  Civ. No.  08-002 JH/CEG

IVAN ZARATE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on four pending motions: (1) *Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's Motion in Limine Regarding Plaintiff's Exhibits Marked 3-A Through 3-P* [Doc. No. 106 and 144]; (2) Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's *Motion in Limine Regarding Plaintiff's Medical Expenses* [Doc. No. 107]; (3) *Defendant's Motion in Limine* [Doc. No. 112], filed by Defendants Sunland Park Police Department, City of Sunland Park, Ivan Zarate and Gustav Carrillo; and (4) *Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's Motion to Strike Plaintiff's Untimely-Disclosed Expert, Brian Delahoussaye, M.D.* [Doc. No. 131].

## DISCUSSION

**I.**    ***Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's Motion in Limine Regarding Plaintiff's Exhibits Marked 3-A Through 3-P* [Doc. No. 106]**

Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino ("the Casino") moves to exclude Plaintiff's exhibits 3-A through 3-P, which are photographs of the Casino premises taken by Plaintiff.

According to the Casino, Exhibits 3-J through 3-P depict security cameras in the parking lot

at the Casino that were not present when the incident in this case took place on January 2, 2005. In support of its motion, the Casino presents the affidavit of Bruce Brubaker, the Human Resources Manager at the Casino, who testifies that the cameras depicted in the photographs were not installed until the second half of 2007, more than two years after the incident. The Casino argues that the photographs are irrelevant because they do not depict the scene as it existed on January 2, 2005. They contend the photographs should be excluded under Fed. R. Evid. 402 and 403. They also argue that it is evidence of subsequent remedial measures excluded by Rule 407. Plaintiff admits that he took the photographs marked as Exhibits 3-J through 3-P in February of 2009. He claims that these photos "are relevant as to the place of the incident and the changes made by the Defendant Casino since the incident on January 2, 2005."

Rule 407 of the Federal Rules of Civil Procedure specifically excludes evidence of subsequent remedial measures, unless that evidence is offered for another, permissible purpose. Plaintiff does not state for what other purpose he might offer Exhibits 3-J through 3-P. Therefore, the motion in limine will be granted and, pursuant to Rules 402, 403, and 407, those exhibits will be excluded at trial unless Plaintiff can offer them for a purpose other than to show subsequent remedial measures.

In contrast, Plaintiff has presented an affidavit that states he took the remaining photographs, Exhibits 3-A through 3-I, on April 3, 2005, just three months after the incident. He argues that they depict the scene as it existed on the day of the incident in this case. In its amended motion in limine [Doc. No. 144], the Casino admits that these photographs depicts the Casino premises, including security cameras, as they existed on January 2, 2005. Nevertheless, the Casino argues that the photographs are irrelevant because the Plaintiff will probably use them to point to the video cameras to bolster an argument that the videotape of the incident is incomplete, and such an argument is

improper because Plaintiff does not have a spoliation of evidence claim.

The Court is not persuaded by this argument at this time. If at trial the Plaintiff can lay the proper foundation for their admission as evidence of the condition of the premises at the time of the incident and state how they are relevant, they will be admitted. Defendants are free to cross examine Plaintiff on the exhibits or present their own evidence contesting their accuracy. Therefore, the motion in limine will be denied at this time as to Exhibits 3-A through 3-I.

**II.     The Remaining Motions in Limine, and Defendants' Motion to Strike Plaintiff's Expert**

The remaining motions in limine and Defendant's motion to strike the Plaintiff's newly disclosed expert, Dr. Brian Delahoussaye, all involve the same issue. Plaintiff was unable to schedule his treating physicians' depositions until relatively recently, due to the doctors' unwieldy schedules and office rules regarding testifying.[1] As a result, those depositions did not occur until mid-2009, well after the discovery deadline and more than a year after the deadline to disclose expert witnesses. As it turned out, Plaintiff's treating physicians were able to testify as to the reasonableness and medical necessity of only a portion of his medical bills. The parties have stipulated to the admissibility of that portion, which is approximately $9,100. However, the remainder of the medical bills, which equal approximately $30,000, are in dispute.

In an effort to obtain testimony to support the admissibility of the remaining medical bills, Plaintiff has retained an expert witness, Dr. Brian Delahoussaye. Plaintiff has produced Dr. Delahoussaye's affidavit, which states his opinion that most of the remaining bills were reasonable and medically necessary. However, that disclosure, which appears to have been made on August

---

[1] By his own admission, Plaintiff did not begin attempting to schedule the depositions of the treating doctors until after the expert witness disclosure deadline had passed.

12, 2009 (*see* Exhibit B to Doc. No. 125) comes more than a year after the expert witness deadline, and less than two weeks before the August 24, 2009 trial date. Defendants therefore move to strike Dr. Delahoussaye as a witness on the grounds that his disclosure is untimely, and allowing him to testify at trial would be unfairly prejudicial. They also move for an order *in limine* to exclude the remaining medical bills because Plaintiff cannot provide a foundation for their admission, e.g., expert testimony that the medical treatment therein was reasonable and medically necessary in light of the January 2, 2005 incident. They further claim that some of the proffered bills are for pre-existing injuries.

On this record, the Court concludes that Defendants' motion to strike Dr. Delahoussaye should be granted, as his late disclosure more than a year after the expert witness deadline and less than two weeks before trial is unfairly prejudicial to the Defendants. Furthermore, in the absence of expert testimony that the remaining medical bills were reasonable and medically necessary, they will be excluded from evidence at trial. Defendants' motions will be granted.

**IT IS THEREFORE ORDERED** that:

(1) *Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's Motion in Limine Regarding Plaintiff's Exhibits Marked 3-A Through 3-P* [Doc. No. 106 and 144] is **GRANTED IN PART** and **DENIED IN PART**;

(2) Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's *Motion in Limine Regarding Plaintiff's Medical Expenses* [Doc. No. 107]; *Defendant's Motion in Limine* [Doc. No. 112], filed by Defendants Sunland Park Police Department, City of Sunland Park, Ivan Zarate and Gustav Carrillo; and *Defendant My Way Holdings, LLC d/b/a Sunland Park Racetrack and Casino's Motion to Strike Plaintiff's Untimely-Disclosed*

*Expert, Brian Delahoussaye, M.D.* [Doc. No. 131] are **GRANTED**.

                                              _____
                                              **UNITED STATES DISTRICT JUDGE**